■ KEY BANK OF LONG ISLAND, Appellant, v GEORGE MUNKENBECK, JR., et al., Respondents.—In an action to recover sums due under several promissory notes and drafts drawn upon letters of credit, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Hand, J.), entered February 8, 1989, which, *inter alia,* denied its motion pursuant to CPLR 3213 for summary judgment in lieu of complaint.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted to the extent that the plaintiff is awarded summary judgment in the principal amount of $16,235.93 together with interest thereon against the defendants Gary Gerard and Athena Gerard, and $34,396.87 together with interest thereon against the defendants George Munkenbeck, Jr., Mary Munkenbeck, Allen Shiplet, Kim Shiplet, Barbara Strock and David Strock, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the plaintiff's application for an award of reasonable attorney's fees in accordance herewith, and entry of an appropriate judgment.

This action arises out of the default by Brooktronics Corporation on certain obligations to the plaintiff. The defendants herein all executed continuing guarantees on behalf of Brooktronics Corporation. The plaintiff established its causes of action as a matter of law against all of the defendants by submitting proof of the notes and letters of credit in issue, the guarantees, and the failure to make payment in accordance with their terms *(see, Fidelity N. Y. v Hanover Cos.,* 148 AD2d 577; CPLR 3213). It was then incumbent upon the defendants to demonstrate, by admissible evidence, the existence of tri-

able factual issues *(see, Zuckerman v City of New York,* 49 NY2d 557). Although some of the defendants have alleged that they were released as guarantors because the plaintiff impaired collateral it held, this allegation is unsubstantiated and conclusory, and, in any event, such a defense is waived by the terms of the guarantees in question *(see,* 63 NY Jur 2d, Guaranty and Suretyship §§ 252, 253; *Federal Deposit Ins. Corp. v Marino Corp.,* 74 AD2d 620).

We have reviewed the defendants' various other assertions with respect to the existence of triable issues of fact and find them to be either unsubstantiated and conclusory or precluded by the terms of the guarantees.

We note that the plaintiff properly established its causes of action. While the plaintiff initially incorrectly requested judgment against the defendants Gary D. and Athena A. Gerard for the full amount due under all the notes and letters of credit, both the Gerards and the plaintiff later conceded that the Gerards were only liable as guarantors on one note. That error did not call for the submission of new distinct causes of action with separate ad damnum clauses. A guarantee may be the proper subject of a motion for summary judgment in lieu of complaint whether or not it recites a sum certain. The need to refer to the underlying promissory notes to establish the amount of liability does not affect the availability of a motion for summary judgment in lieu of complaint pursuant to CPLR 3213 *(see, Manufacturers Hanover Trust Co. v Green,* 95 AD2d 737).

As provided for in the underlying notes and letters of credit, the plaintiff is entitled to recover reasonable attorney's fees. Accordingly, this matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the amount of those fees and for the entry of an appropriate judgment. Kunzeman, J. P., Harwood, Balletta and O'Brien, JJ., concur.