■ SHEARSON LEHMAN HUTTON, INC., Appellant, v MYERSON & KUHN et al., Respondents. [602 NYS2d 396] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on August 14, 1992, which denied plaintiff's motion for summary judgment in lieu of complaint (CPLR 3213), is unanimously reversed, on the law, and the motion is granted, with costs. The Clerk is directed to enter judgment in favor of the plaintiff in the sum of $488,541.65 plus interest, and for costs and disbursements of this action including attorneys' fees.

Plaintiff-appellant Shearson Lehman Hutton, Inc. seeks a judgment in lieu of complaint (CPLR 3213) on a note guaranteed by defendant-respondent Harvey Myerson.

The motion court denied plaintiff's summary judgment motion holding that the note and guarantee are not "instruments for the payment of money only" because the note and guarantee refer to the settlement agreement for the definition of "default."

The default here is entirely monetary. To the extent that the promissory note refers to the settlement agreement for definition of "default," the definition for which referral is necessitated is that Myerson & Kuhn "fails to pay any amount when due as provided in paragraph 1."

While we have on occasion denied a plaintiff the benefit of the expedited procedure set forth in CPLR 3213 on the ground that reference beyond the four corners of the instrument was necessary in order to comprehend fully the nature of the obligation to be enforced and thus raised a question as to whether the instrument was in fact one "for the payment of money only", where, as here, the referenced matter is merely repetitive of terms already contained within the instrument and does not alter the purely monetary nature of the obliga-

tion, there is no reason to delay judgment in the plaintiff's favor. We hold that the note and the guarantee constitute prima facie evidence of the obligation within the purview of *Interman Indus. Prods. v R. S. M. Electron Power* (37 NY2d 151, 155). This is particularly true in the matter at bar where the defendant has expressly agreed in his guarantee "not to assert any defenses, claims, counterclaims or set-offs to any asserted right of or effort by Shearson to seek recovery under the terms of such Note, this Guarantee or Settlement Agreement". The breadth of this waiver renders the prolongation of this action for the recovery of an undisputed debt utterly pointless *(see, Key Bank v Munkenbeck,* 162 AD2d 503). Concur—Murphy, P. J., Carro, Rosenberger and Ross, JJ.