■ CHEMICAL BANK, Respondent, v EILEEN NEMEROFF, Individually and as Executrix of KENNETH NEMEROFF, Deceased, Defendant, and IRA SALK, Appellant. [650 NYS2d 110] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 23, 1996, awarding plaintiff damages and bringing up for review an order of the same court and Justice entered September 13, 1995, which, *inter alia*, granted plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, unanimously affirmed, with costs.

As the guaranty in question is an instrument for the payment of money only, and since there is no dispute that there has been a default in payment of the corresponding loan, the guaranty was properly enforced pursuant to CPLR 3213 (*Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137, *affd* 29 NY2d 617; *Key Bank v Munkenbeck*, 162 AD2d 503). That partner Lawrence Mattera never executed the guaranty, even though he was listed in the acknowledgement section at the end of the instrument, has no effect on the liability of the other signatories to the guaranty, where each signatory "unconditionally" guaranteed the loan. The guaranty itself also expressly provides that "the failure of any party listed * * * to execute this guaranty * * * shall not relieve the other signatories from their obligations hereunder."

Defendant Salk's attempts to contradict the specific terms of the guaranty by parol evidence are barred (*Leumi Fin. Corp. v*

*Richter,* 17 NY2d 166, 173), and his claim concerning plaintiff's alleged fraudulent misrepresentations to induce him to execute and deliver the guaranty are unsupported by any competent evidence. Nor is there any evidence demonstrating that plaintiff bank's extensions of the loan were improper or suspect. Further, nothing in the contracts required that, upon the death of partner Nemeroff, plaintiff foreclose on the loan or negotiate with Salk rather than Kalmon Dolgin, the managing partner. Pursuant to the contracts, plaintiff was free to deal with the property in question as it saw fit and the guarantors' obligations were not effected by plaintiff's inaction (*see, Chemical Bank v PIC Motors Corp.,* 87 AD2d 447, *affd* 58 NY2d 1023).

Finally, there is no support for defendant Salk's contention that plaintiff's settlement with the Dolgins with respect to their obligations on the present guaranty and other indebtedness shows that plaintiff induced any breach of fiduciary duty owed to him as a partner. Concur—Sullivan, J. P., Rosenberger, Rubin, Kupferman and Williams, JJ.