■ VALENCIA SPORTSWEAR, INC., Respondent, v D.S.G. ENTERPRISES, INC., et al., Appellants. [655 NYS2d 13] —Judgment, Supreme Court, New York County (Walter Schackman, J.), entered May 17, 1996, awarding plaintiff $56,143.71, inclusive of interest, costs and disbursements, and bringing up for review an order, same court and Justice, entered on or about November 30, 1995, which granted plaintiff's motion for summary judgment in lieu of complaint, and order, same court (Ira Gammerman, J.), entered May 20, 1996, which, insofar as appealable, denied defendant's motion to renew the order of November 30, 1995, and order, same court (Ira Gammerman, J.), entered July 11, 1996, which granted defendants a stay of the judgment only until July 13, 1996, unanimously affirmed, with costs. The appeals from the orders are unanimously dismissed as subsumed within the appeal from the judgment.

The agreements sued upon are first, a straightforward loan agreement between plaintiff and the corporate defendant providing for disbursement of the loan and its repayment in installments beginning and ending on dates certain, and second, a contemporaneously executed guarantee of repayment by the individual defendants expressly not conditioned on plaintiff's proceeding against the corporate defendant. Both the loan agreement and the guarantee are clearly instruments for the payment for money only qualifying for CPLR 3213 treatment, since no proof outside the face of the documents themselves, other than of non-payment, is needed to prove a prima facie case (see, Weissman v Sinorm Deli, 88 NY2d 437, 444; Chemical Bank v Nemeroff, 233 AD2d 239). Neither document makes any reference whatever to other, more comprehensive agreements between plaintiff and the corporate defendant, including the as yet unsubstantiated joint venture allegedly

formed by the parties two years earlier and breached by plaintiff to defendants' damage in an amount far exceeding that of the loan. The separate, prior action that defendants brought in connection with this alleged joint venture involves issues that are separate from plaintiff's claims on the clear and complete loan agreement and guarantee, and does not serve to defeat plaintiff's present recovery thereon (*see, Mitsubishi Trust & Banking Corp. v Housing Servs. Assocs.*, 227 AD2d 305). We have considered defendants' other arguments and find them to be without merit. Concur—Wallach, J. P., Nardelli, Rubin and Williams, JJ.