■ BANK LEUMI USA, Respondent, v PETER AGATI, Appellant, et al., Defendants. [774 NYS2d 499]—

Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 5, 2003, which, inter alia, granted plaintiff bank's motion for an order of attachment authorizing seizure of defendant-appellant guarantor's personal property up to a value of $450,000, including, but not limited to, the property listed in appellant's July 2000 personal financial statement, unanimously modified, on the law and the facts, to authorize seizure of only those items of personal property identified in the July 2000 financial statement, without prejudice to plaintiff's seeking to expand the scope of the attachment upon further identification of appellant's personal property, and otherwise affirmed, without costs. Order, denominated a judgment, same court and Justice, entered May 13, 2003, which, inter alia, granted plaintiff's motion for partial summary judgment against appellant on the issue of appellant's liability on the subject guarantee, unanimously affirmed, without costs.

There is no merit to appellant's claim that under UCC 9-207, he was relieved of liability on his guarantee by plaintiff's failure to act in a commercially reasonable manner in connection with the borrower's voluntary sale of an item of collateral. According to appellant, plaintiff knew, prior to the sale, that the borrower was insolvent, yet opted not to fully satisfy the borrower's debt out of the proceeds of the sale. The argument overlooks that UCC 9-207 requires that the secured party be in "possession or control" of the collateral. Although the sale here was part of a plan worked out between the borrower and plaintiff to reduce the former's debts to the latter, including that guaranteed by appellant, plaintiff had no duty to appellant, under either the loan documents or the guarantee, the latter of which contained a broad and all encompassing consent to plaintiff's release of security, to collect more of the proceeds realized at the sale than it did (see *Chemical Bank v PIC Motors Corp.*, 87 AD2d 447, 452-453 [1982], *affd* 58 NY2d 1023 [1983]; *Chemical Bank v Nemeroff*, 233 AD2d 239 [1996]). Accordingly, plaintiff was properly granted summary judgment against appellant on the issue of liability. However, concerning the attachment, the motion court

erred in tracking the provision of the guarantee which, upon the borrower's default and plaintiff's unsatisfied demand for payment, gives plaintiff a lien against all of appellant's property "of every description" (see CPLR 7102 [c]; UCC 9-108 [a]-[c]). Accordingly, we modify to limit the attachment to the personal property identified in appellant's July 2000 financial statement. We note that such financial statement was provided to plaintiff for the purposes of the loan extended to the borrower. We have considered appellant's other arguments and find them unavailing. Concur—Buckley, P.J., Nardelli, Saxe and Marlow, JJ.