■ CHASE EQUIPMENT LEASING INC., Respondent, v ARCHITEC-
TURAL AIR, L.L.C., et al., Appellants. [922 NYS2d 69]—

Order, Supreme Court, New York County (James A. Yates, J.),
entered March 24, 2010, which, insofar as appealed from,
granted plaintiff's motion to dismiss the counterclaims for
conversion, breach of the implied duty of good faith, and pre-
possession commercially unreasonable failure to dispose of col-
lateral, and related defenses, unanimously modified, on the law,
to deny the motion as to the counterclaim for conversion, and
otherwise affirmed, without costs.

Plaintiff, as a secured party, was not obligated to act in a com-
mercially reasonable manner before taking possession of the
collateral (*Bank Leumi USA v Agati*, 5 AD3d 292, 293 [2004]).
Nor was it so obligated by having, as defendants assert, practi-
cal control over the collateral, given defendants' refusal to sur-
render possession unless plaintiff modified the underlying loan
or capitulated to their other demands. Plaintiff's refusal to
dispose of the collateral while simultaneously not allowing de-
fendants to do so does not raise an inference of bad faith. In any
event, defendants' claim based on the implied covenant of good
faith is barred by the no-waiver clause permitting plaintiff's
delay in exercising its remedies (*see Chemical Bank v PIC Mo-
tors Corp.*, 87 AD2d 447, 450 [1982], *affd* 58 NY2d 1023 [1983]);
the duty of good faith does not imply obligations inconsistent
with contractual provisions (*see 511 W. 232nd Owners Corp. v
Jennifer Realty Co.*, 98 NY2d 144, 153 [2002]).

However, we find that the equipment that defendant Carl
added to the airplane that served as collateral was expressly
exempt from becoming collateral itself by the plain meaning of
section 1.5 of the security agreement, regardless of the location
of that provision within the agreement. Therefore, Carl has a
superior right to ownership or possession of the added-on equip-
ment, which provides a basis for his conversion counterclaim.
Concur—Saxe, J.P., Friedman, Freedman and Richter, JJ.