Bacon & Seiler Constructors, Inc. v Solvay Iron Works, Inc. (2020 NY Slip Op 04020)





Bacon & Seiler Constructors, Inc. v Solvay Iron Works, Inc.


2020 NY Slip Op 04020


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


180 CA 19-00839

[*1]BACON & SEILER CONSTRUCTORS, INC., PLAINTIFF-APPELLANT,
v
SOLVAY IRON WORKS, INC., ET AL., DEFENDANTS, JOHN B. MAESTRI AND SHEILA MAESTRI, DEFENDANTS-RESPONDENTS.






BYRNE, COSTELLO & PICKARD, P.C., SYRACUSE (JORDAN R. PAVLUS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered April 30, 2019. The order granted the motion of defendants John B. Maestri and Sheila Maestri for summary judgment dismissing the complaint as against them and denied plaintiff's cross motion for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint against defendant John B. Maestri and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action asserting various causes of action against, inter alia, John B. Maestri and Sheila Maestri (collectively, defendants), including a cause of action pursuant to ERISA alleging that defendants breached their fiduciary duties under ERISA or that plaintiff should be permitted to pierce the corporate veil and hold defendants individually liable for any such wrongdoing of defendant Solvay Iron Works, Inc. (Solvay). Defendants answered and, following the completion of discovery, moved for summary judgment dismissing the complaint against them. Plaintiff cross-moved for partial summary judgment against John B. Maestri on its ERISA cause of action. Supreme Court granted the motion and denied the cross motion. Plaintiff appeals.
Upon our review of oral argument before the motion court, we conclude that, contrary to plaintiff's contention, counsel for defendants did not clearly and unambiguously concede any ERISA liability on behalf of John B. Maestri. We similarly reject plaintiff's contention that the court should have granted the cross motion with respect to John B. Maestri based on the collateral estoppel effect of a federal court memorandum and decision, which addressed, inter alia, certain ERISA violations alleged against him. There is no dispute that, after the entry of the subject federal court memorandum decision and order, the parties settled and discontinued that action. "When an action is discontinued, it is as if it had never been; everything done in the action is annulled and all prior orders in the case are nullified" (Newman v Newman, 245 AD2d 353, 354 [2d Dept 1997]; see Brown v Cleveland Trust Co., 233 NY 399, 406 [1922]; Loeb v Willis, 100 NY 231, 235 [1885]; Harris v Ward Greenberg Heller & Reidy LLP, 151 AD3d 1808, 1810 [4th Dept 2017]).
Contrary to plaintiff's further contention, the court did not abuse its discretion in allowing defendants to correct an error in Sheila Maestri's declaration. While the declaration initially submitted by defendants in support of the motion was defective because the declaration was not in affidavit form (see CPLR 3212 [b]), defendants corrected that technical defect by submitting the identical evidence in proper form in their reply papers. Under these circumstances, the [*2]original defect in form does not require denial of defendants' motion with respect to Sheila Maestri (see CPLR 2001; Qi Sheng Lu v World Wide Travel of Greater N.Y., Ltd., 111 AD3d 690, 690 [2d Dept 2013]; Matos v Schwartz, 104 AD3d 650, 653 [2d Dept 2013]; Supreme Automotive Mfg. Corp. v Continental Cas. Co., 97 AD2d 700, 700 [1st Dept 1983]).
We agree with plaintiff, however, that the court erred in granting the motion with respect to John B. Maestri. In moving for summary judgment, defendants did not submit an affidavit from John B. Maestri. The attorney affirmation submitted in support of the motion merely served as the vehicle for the submission of exhibits, and the deposition testimony attached thereto consisted only of excerpts from the deposition transcripts and was equivocal with respect to John B. Maestri's liability. Sheila Maestri's declaration, subsequently converted to a reply affidavit, addressed only the causes of action against her and did not provide any direct information regarding John B. Maestri's involvement in Solvay. Under these circumstances, we conclude that defendants failed to meet their initial burden on the motion with respect to John B. Maestri (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In any event, even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiff raised triable issues of fact sufficient to defeat the motion (see generally id.). We therefore modify the order by denying defendants' motion in part and reinstating the complaint against John B. Maestri.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court