Hopwin Lingerie Co. Ltd. v Sasson (2023 NY Slip Op 01744)

Hopwin Lingerie Co. Ltd. v Sasson

2023 NY Slip Op 01744

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Renwick, A.P.J., Gesmer, Singh, González, Scarpulla, JJ. 

Index No. 650503/22 Appeal No. 17592-17593 Case No. 2022-02607, 2022-03533 

[*1]Hopwin Lingerie Co. Ltd., Plaintiff-Respondent,
v
Israel Sasson, Defendant-Appellant, Underboss Productions, LLC, et al., Defendants. 

The Law Office of Henry R. Guindi, Brooklyn (Henry R. Guindi of counsel), for appellant.
Law Offices of G. Oliver Koppell & Associates, New York (Daniel F. Schreck of counsel), for respondent.

Judgment, Supreme Court, New York County (Jennifer Schecter, J.), entered July 26, 2022, in favor of plaintiff and against, inter alia, defendant Israel Sasson in the amount of $176,936.88, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about June 15, 2022, which granted plaintiff's motion for summary judgment pursuant to CPLR 3213, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff demonstrated prima facie entitlement to summary judgment in lieu of complaint as against Sasson by proffering evidence of the promissory note from defendant Underboss Productions, LLC to plaintiff, Underboss's nonpayment under the note, the guaranty signed by Sasson, and Sasson's nonpayment under the guaranty (see Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]; Valencia Sportswear v D.S.G. Enters., 237 AD2d 171, 171 [1st Dept 1997]).
As to the note's acceleration, plaintiff presented, among other things, an email dated October 20, 2019 from Underboss's CEO, defendant David Cohen, stating, "[a]s mentioned, we are closing the company, probably by the end of the year, as you know it is clear we cannot survive. We are spending most of our time trying to sell off the inventory and ship open orders to pay down the trade debt." This communicated that Underboss had already commenced the process of wrapping up its affairs, and thus, of winding up (see Matter of 172 E. 122 St. Tenants Assn. v Schwarz, 73 NY2d 340, 349 [1989]), thereby triggering the note's acceleration clause. Plaintiff also presented emails from February and March 2020 from Cohen indicating that Underboss had failed to pay the amount due under the note, thus establishing Underboss's default. Sasson did not contest that these were admissible statements against interest (see Akamnonu v Rodriguez, 12 AD3d 187, 187 [1st Dept 2004]), and he failed to raise an issue of fact in opposition.
Any defects in the initial affirmation submitted by Ting Ge, plaintiff's CEO, were corrected in her supplemental affirmation in reply, which the motion court properly considered to the limited extent that Ge was clarifying the basis of her knowledge for the statements made in her initial CPLR 2106(b) affirmation, and not offering new facts (see e.g. Matapos Tech. Ltd. v Compania Andina de Comercio Ltda, 68 AD3d 672, 672 [1st Dept 2009]; Supreme Automotive Mfg. Corp. v Continental Cas. Co., 97 AD2d 700, 700 [1st Dept 1983]; see also Bacon & Seiler Constructors, Inc. v Solvay Iron Works, Inc., 185 AD3d 1390, 1391 [4th Dept 2020]).
We have considered Sasson's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023