O'Neill v Buffalo Southwestern, LLC (2023 NY Slip Op 02439)

O'Neill v Buffalo Southwestern, LLC

2023 NY Slip Op 02439

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

376 CA 22-00908

[*1]NANCY O'NEILL AND JAMES O'NEILL, PLAINTIFFS-APPELLANTS,
v
BUFFALO SOUTHWESTERN, LLC, BENDERSON DEVELOPMENT COMPANY, LLC, AND T.C. NOTARO CONTRACTING, INC., DEFENDANTS-RESPONDENTS. 

ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (ANTHONY V. IACONO OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Raymond W. Walter, J.), entered June 3, 2022. The order granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Nancy O'Neill (plaintiff) when she slipped and fell on snow and ice in a parking lot owned and managed by defendants Buffalo Southwestern, LLC and Benderson Development Company, LLC (Benderson), respectively. Benderson contracted with defendant T.C. Notaro Contracting, Inc. (Notaro) for snow removal services for the property. Defendants moved for summary judgment dismissing the complaint on the ground that there was a storm in progress at the time of the accident. Supreme Court granted the motion, and we affirm.
Defendants met their initial burden on the motion of establishing as a matter of law that "plaintiff's injuries [were] sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter" (Solazzo v New York City Tr. Auth., 6 NY3d 734, 735 [2005]; see Sherman v New York State Thruway Auth., 27 NY3d 1019, 1020-1021 [2016]; Gilbert v Tonawanda City School Dist., 124 AD3d 1326, 1327 [4th Dept 2015]). We reject plaintiffs' contention that defendants failed to submit proof in admissible form in support of their motion. Although defendants submitted an unsworn report of an expert meteorologist in support of their motion, they submitted an affidavit of that same meteorologist in reply, to which he attached the same report submitted in the initial moving papers. Under the circumstances, we conclude that the court did not abuse its discretion in allowing defendants to correct the unsworn report by submitting the same evidence in proper form in their reply papers (see CPLR 2001; County of Erie v Gateway-Longview, Inc., 193 AD3d 1336, 1337 [4th Dept 2021]; Bacon & Seiler Constructors, Inc. v Solvay Iron Works, Inc., 185 AD3d 1390, 1391-1392 [4th Dept 2020]; see also Cook v Franz, 309 AD2d 1234, 1234 [4th Dept 2003]). Defendants did not submit any new facts in their reply papers (cf. Korthas v U.S. Foodservice, Inc., 61 AD3d 1407, 1408 [4th Dept 2009]; Walter v United Parcel Serv., Inc., 56 AD3d 1187, 1187-1188 [4th Dept 2008]). We decline to follow the First Department precedent advanced by plaintiff that a defect of this nature cannot be cured on reply (see e.g. Accardo v Metro-North R.R., 103 AD3d 589, 589 [1st Dept 2013]).
Contrary to plaintiffs' further contention, in opposition to the motion they failed to "raise a triable issue of fact whether the accident was caused by a slippery condition at the location [*2]where
. . . plaintiff fell that existed prior to the storm, as opposed to precipitation from the storm in progress, and that . . . defendant[s] had actual or constructive notice of the preexisting condition" (Quill v Churchville-Chili Cent. Sch. Dist., 114 AD3d 1211, 1212 [4th Dept 2014] [internal quotation marks omitted]; see Hanifan v COR Dev. Co., LLC, 144 AD3d 1569, 1569 [4th Dept 2016], lv denied 29 NY3d 906 [2017]; Chapman v Pyramid Co. of Buffalo, 63 AD3d 1623, 1624 [4th Dept 2009]). Finally, we reject plaintiffs' contention that, by plowing the snow from the parking lot, Notaro left it in a more dangerous condition because now any ice underneath the snow was exposed. "[B]y merely plowing the snow, as required by the contract, [Notaro's] actions could not be said 'to have created or exacerbated a dangerous condition' " (Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 361 [2007]).
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court