# Harvardsky Prumyslovy Holding, A.S. V Likvidaci v Kozeny

2024 NY Slip Op 30328(U)

January 29, 2024

Supreme Court, New York County

Docket Number: Index No. 651826/2012

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. DAVID B. COHEN** | **PART** | **58** |
| | *Justice* | | |

-------------------------------------------------------------------------X

HARVARDSKY PRUMYSLOVY HOLDING, A.S.  V LIKVIDACI,

                                        Plaintiff,

- v -

VIKTOR KOZENY, and LANDLOCKED SHIPPING COMPANY

                                        Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651826/2012 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 012 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 012) 408, 409, 410, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 462, 464, 465, 466, 467, 468, 469, 470, 472, 479, 481, 484, 492, 502, 512

were read on this motion to/for                    PARTIAL SUMMARY JUDGMENT                    .

This is an action to domesticate and enforce a foreign judgment issued in the Czech Republic.  Plaintiff moves for an order granting it partial summary judgment.  Defendants oppose.

## I.        FACTUAL AND PROCEDURAL BACKGROUND

### A.        Prior related litigation

Defendant Kozeny was involved in transactions related to the privatization of various state-owned enterprises in the Czech Republic in the mid-1990s.  He allegedly embezzled and stole funds raised in connection with those transactions, and was thereafter charged and tried in absentia in Prague.  A money judgment in excess of $400 million was entered against him in 2010 (NYSCEF 414).  More factual background is set forth in the Appellate Division, First Department's 2014 decision in this action (117 AD3d 77 [2014]).

651826/2012   HARVARDSKY PRUMYSLOVY vs. KOZENY, VIKTOR
Motion No.  012

Page 1 of 6

[* 1]

In 2000, defendants were sued by various insurance companies in federal court in Colorado. The plaintiffs there sought a preliminary injunction restraining the proceeds of the sale of a $22 million home in Aspen, Colorado, known as Peak House, owned by the defendant Landlocked Shipping Company (Landlocked). Landlocked, a Turks & Caicos company, was owned by a number of offshore trusts, and held title to Peak House (*Ntl. Union Fire Ins. Co. v Kozeny*, 115 F Supp 2d 1231 [Dist, Col 2000]).

The plaintiffs alleged that the offshore trusts and companies were created by Kozeny to shield Peak House from his creditors through a series of fraudulent conveyances, and that the relevant corporate and trust shields should be pierced and disregarded. Kozeny argued that the House was bought on behalf of his mother, Jikva Chvatik, who had inherited substantial funds from her deceased husband. The federal court in Colorado granted the preliminary injunction in 2000, finding that there was a likelihood of success on the merits of the plaintiffs' claims that Kozeny had used various entities "to hide his assets," including the cash used to buy Peak House (*id.*). The case was settled and discontinued in 2009.

In 2005, Kozeny was indicted in the Southern District of New York (SDNY) for alleged violations of the Foreign Corrupt Practices Act, among other crimes (NYSCEF 417), but he successfully resisted extradition from the Bahamas, where he apparently still resides (NYSCEF 255). In 2009, the Colorado Court gave notice to the SDNY that the Colorado preliminary injunction would be vacated by virtue of the settlement of that action (NYSCEF 446).

While the SDNY criminal case was pending, the U.S. Attorney's Office commenced a related civil forfeiture proceeding, also in the SDNY, seeking forfeiture of funds held in two accounts in Landlocked's name at Wells Fargo, which contained the proceeds of the sale of Peak House. The U.S. Attorney's Office moved for summary judgment on its forfeiture claim, relying

**651826/2012   HARVARDSKY PRUMYSLOVY vs. KOZENY, VIKTOR**
**Motion No. 012**

**Page 2 of 6**

2 of 6

on essentially the same factual record as the District Court had before it in Colorado when it granted the preliminary injunction. Chvatik had filed a claim in the forfeiture action, on behalf of herself personally as well as Landlocked, asserting that "Landlocked is the former legal title owner of Peak House and the current legal title owner of the Funds," and that she "is the real party in interest as the ultimate beneficial owner of Landlocked Shipping Company and of the Funds" (NYSCEF 451). In 2010, the Court denied summary judgment, ruling there were issues of fact as to whether Kozeny's extensive involvement with Peak House was on his own behalf or for the benefit of his mother as beneficiary of the trusts which owned Peak House through Landlocked (NYSCEF 229). The forfeiture action was ultimately dismissed as untimely under the applicable statute of limitations (NYSCEF 229).

### B.      The instant case

This action was commenced in 2012, and plaintiff moved for a preliminary injunction, seeking to prohibit defendants from removing or encumbering their property in New York State and attaching the property (NYSCEF 11). Before deciding the application, the justice then presiding in this case granted a temporary restraining order (TRO). In response, Landlocked moved, pre-answer, to dismiss the complaint on the ground that the Czech trial in absentia violated Kozeny's due process rights.

The justice then presiding over the case denied plaintiff's motion in its entirety and vacated the TRO, finding that plaintiff had failed to show a probability of success on the merits, absent a demonstration that the Czech judgment would be granted foreign recognition in this court. She also granted the motion to dismiss (NYSCEF 55).

The Appellate Division, First Department, reversed the trial court, finding that the Czech judgment was entitled to recognition in New York State, and therefore the motion to dismiss was

651826/2012   HARVARDSKY PRUMYSLOVY vs. KOZENY, VIKTOR                    Page 3 of 6
Motion No.  012

3 of 6

denied, the complaint was reinstated against Landlocked, and the order of attachment was granted (117 AD3d 77 [2014]).

Plaintiff later moved to amend the complaint, and defendants again moved to dismiss, which was denied by the trial court in 2017, and affirmed by the Appellate Division, First Department, in 2018 (166 AD3d 494).

## II.     LEGAL ANALYSIS

### A.   Contentions

Plaintiff seeks to collaterally estop defendants from re-litigating the Colorado court's 2000 findings in granting a preliminary injunction against defendants, including that Landlocked's corporate and trust veils at issue, and its shareholder trusts, may be pierced, and that any fraudulent conveyance claims should be allowed to proceed. It contends that federal common law applies in determining the preclusive effect of the Colorado ruling, citing *Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 31 NY3d 64 (2018), and that the collateral estoppel elements are that: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the parties had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits.

Defendants argue that Colorado law applies, as the findings were made related a property located in Colorado, and observe that under Colorado law, there must be a final judgment before collateral estoppel may be established.

Whether or not Colorado or federal law applies here, a valid final judgment must have been entered in the first action. When an action is settled and discontinued, there is no collateral estoppel effect as to any rulings or orders made therein (*see Bacon & Seiler Constructors, Inc. v Solvay Iron Works, Inc.*, 185 AD3d 1390 [4th Dept 2020], quoting *Newman v Newman*, 245

651826/2012  HARVARDSKY PRUMYSLOVY vs. KOZENY, VIKTOR
Motion No. 012

Page 4 of 6

AD2d 353, 354 [2d Dept 1997] [no collateral estoppel effect of decision and order rendered before settlement and discontinuance of action, as when action is discontinued, "'everything done in the action is annulled and all prior orders in the case are nullified'"]; *see also El Toro Group, LLC v Bareburger Group, LLC*, 190 AD3d 536 [1st Dept 2021] [collateral estoppel did not apply as other case settled]; *Americorp Fin., L.L.C. v Venkany, Inc.*, 102 AD3d 516 [1st Dept 2013] [collateral estoppel inapplicable if action settled by stipulation]; *Weldotron Corp. v Arbee Scales, Inc.*, 161 AD2d 708 [2d Dept 1990] ["discontinuance of action annuls that which has been done therein," and therefore prior court's finding on issue of fraud had no collateral estoppel effect in later action]; 7B Carmody-Wait 2d 47:4 [2023] [when action is discontinued, with limited exceptions, everything done in action is annulled and all prior orders in case are nullified]).

Further, the grant or denial of a preliminary injunction has no estoppel effect (*see e.g., Khokhar v Gonzalez*, 198 AD3d 480 [1st Dept 2021] [denying collateral estoppel effect of order to show cause seeking injunction], quoting *Coinmach Corp. v Fordham Hill Owners Corp.*, 3 AD3d 312 [1st Dept 2004] ["it is settled law that the grant or denial of a request for a preliminary injunction, a provisional remedy designed for the narrow purpose of maintaining the status quo, is not an adjudication on the merits and will not be given res judicata effect"]; *see also Huguenot LLC v Megalith Cap. Group Fund, LP*, 191 AD3d 530 [1st Dept 2021] [grant or denial of preliminary injunction does not constitute law of case or adjudication on merits]).

The same result holds under both Colorado law (*see Mt. Emmons Min. Co. v Town of Crested Butte*, 690 P2d 231 [Sup Ct, Colo 1984] [finding made in connection with preliminary injunction not conclusive for purposes of motion for summary judgment on merits of controversy]; *see also Friends of Denver Parks, Inc. v City and County of Denver*, 327 P3d 311

**651826/2012  HARVARDSKY PRUMYSLOVY vs. KOZENY, VIKTOR**
**Motion No.  012**

**Page 5 of 6**

5 of 6

[Ct App, Colo 2013] [decision to grant or deny preliminary injunction is not adjudication of parties' ultimate rights] *cert denied*, 2014 WL 1894449 2014]), and federal law (*see Goodheart Clothing Co., Inc. v Laura Goodman Enter., Inc.*, 962 F2d 268, 274 [2d Cir 1992] [preclusive effect not given to order on preliminary injunction application as it would be anomalous to regard initial order "as foreclosing the subsequent, more thorough consideration of the merits that the preliminary injunction expressly envisions"]; *I.H.T. Corp. v News World Communications, Inc.*, 1984 WL 604 [Dist Ct, SDNY 1984] [decision on preliminary injunction motion is not final judgment for collateral estoppel purposes]).

Accordingly, it is hereby

ORDERED, that plaintiff's motion for partial summary judgment is denied.

| | | |
|---|---|---|
| **1/29/2024** | | |
| **DATE** | | **DAVID B. COHEN, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651826/2012  HARVARDSKY PRUMYSLOVY vs. KOZENY, VIKTOR**
**Motion No.  012**

Page 6 of 6

6 of 6