**City Natl. Bank v Rightway Cleaning LLC**

2025 NY Slip Op 32142(U)

June 14, 2025

Supreme Court, New York County

Docket Number: Index No. 650567/2025

Judge: Anar R. Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

-----------------------------------------------------------------------X

CITY NATIONAL BANK,

                                 Plaintiff,

             - v -

RIGHTWAY CLEANING LLC, MORDECHAI
DEMBITZER, YOEL DEMBITZER

                           Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650567/2025 |
| **MOTION DATE** | 01/30/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1–19, 22–26 were read on this motion to/for <u>JUDGMENT - SUMMARY IN LIEU OF COMPLAINT</u>.

Upon the foregoing documents, the motion by Plaintiff City National Bank ("Plaintiff or "CNB") for summary judgment in lieu of complaint pursuant to CPLR § 3213 against Defendants Rightway Cleaning LLC ("Borrower"), Mordechai Dembitzer ("M. Dembitzer"), and Yoel Dembitzer ("Y. Dembitzer") (M. Dembitzer and Y. Dembitzer, together, "Guarantors," and collectively with Borrower, "Defendants") in the amount of $814,253.16, plus accrued interest through entry of judgment and reasonable attorneys' fees and costs is GRANTED.

Plaintiff commenced this action with the filing of the Summons and the Motion for Summary Judgment in Lieu of Complaint on January 30, 2025.  The original return date of the motion was March 26, 2025.  *Id.*  On March 13, 2025, counsel for Defendants appeared and all counsel sought an adjournment of the return date to May 13, 2025, which was granted.  On May 12, 2025, counsel sought further adjournment of the return date to May 23, 2025, which the Court denied.  *See* NSYCEF Doc. Nos. 22–26.  Defendants have not filed any opposition.

For the reasons discussed below, and even setting aside Defendants' lack of opposition, Plaintiff's Motion is granted.

### <u>Relevant Factual and Procedural History</u>

This case arises from a series of loan documents executed and delivered by Defendants to Plaintiff.  NYSCEF Doc. No. 3 ("Yun Aff.") at ¶ 4.  The "Loan Documents" are comprised of the following: (1) February 27, 2023 revolving note executed and delivered by the Borrower to Plaintiff ("Note") (NYSCEF. Doc. No. 6), (2) February 27, 2023 guaranty executed and delivered by M. Dembitzer (NYSCEF Doc. No. 7), (3) February 27, 2023 guaranty executed by Y.

650567/2025  CITY NATIONAL BANK vs. RIGHTWAY CLEANING LLC ET AL          Page 1 of 6
Motion No.  001

1 of 6

Dembitzer (NYSCEF Doc. No. 8) (collectively, "Guaranties"); (4) Commercial Card Agreement executed by Borrower (NYSCEF Doc. No. 14); (5) December 27, 2022 continuing guaranty executed by M. Dembitzer (NYSCEF Doc. No. 4), (6) December 27, 2022 continuing guaranty executed by Y. Dembitzer (NYSCEF Doc. No. 5) (collectively, "Continuing Guaranties"), (7) April 24, 2024 forbearance agreement (NYSCEF Doc. No. 9), and (8) other related debt instruments executed and delivered by Borrower to Plaintiff. *Id.*

On December 27, 2022, Guarantors, on behalf of Borrower, executed and delivered a business lending application ("Lending Application") to CNB, in which they requested (1) a CNB Business Line loan ("Loan") in the amount of $750,000 and (2) a commercial credit card with a credit line of $50,000 ("Commercial Card"). *Id.* at ¶ 10. On the same date, Guarantors each executed and delivered the Continuing Guaranties, in which they guaranteed to CNB the full and punctual payment in satisfaction of all indebtedness as well as costs and expenses incurred by CNB in enforcing the Continuing Guaranties. *Id.* at ¶ 11.

On February 27, 2023, the Note evidenced that Borrower executed and delivered the loan, and both Guarantors executed and delivered an additional Guaranty. *Id.* at ¶¶ 12–14. Within the Guaranties, M. Dembitzer and Y. Dembitzer guaranteed to CNB the full and punctual payment in satisfaction of all indebtedness as well as costs and expenses incurred by CNB in enforcing the Guaranties. *Id.* at ¶ 14. During the execution of the Note and Guaranties, the Continuing Guaranties were and still remained applicable to debts incurred by Borrower to CNB. *Id.* at ¶ 15.

According to the Note, payment would be made by (1) "a single payment of all outstanding principal plus all accrued unpaid interest on the maturity date of February 27, 2024" and (2) "by regular monthly payments of accrued unpaid interest due as of each payment date beginning March 27, 2023, and with all subsequent interest payments due monthly after that." *Id.* at ¶ 16. Furthermore, Events of Default would, among other events, include:

> 1.1 Failure to make any payment of principal or interest when due under this Note.

> 1.8 Any material default in the payment or performance of any obligation, or any default under any provision of any contract or instrument pursuant to which any of such parties has incurred any obligation for borrowed money, any purchase obligation or any other liability of any kind to any person or entity, including CNB.

Note at 2 ("Upon the occurrence of any Event of Default, CNB, at its option, may declare all sums of principal and interest outstanding hereunder to be immediately due and payable without presentment, demand, protest or notice of dishonor, all of which are expressly waived by Borrower"). Borrower would have to pay a late charge of 5% or $10.00 (whichever is greater) of any payment that CNB does not receive by the tenth day after the payment is due. *Id.* at 1. Interest accrues on the unpaid principal balance of the Note at a variable interest rate ("Note Rate"). *Id.* With an Event of Default, CNB is entitled to interest at a default rate of 5% per year higher than the Note Rate ("Default Interest Rate") and can require Borrower to immediately pay all sums of principal and interest outstanding. *Id.* at 1–2.

Borrower also agreed to pay the costs and expenses expended or incurred by CNB in connection with enforcement of the Note, which includes reasonable attorneys' fees. *Id.* at 2

650567/2025  CITY NATIONAL BANK vs. RIGHTWAY CLEANING LLC ET AL                    Page 2 of 6
Motion No.  001

2 of 6

("Borrower agrees to pay all costs and expenses, including reasonable attorneys' fees (which counsel maybe CNB employees), expended or incurred by CNB (or allocable to CNB's in-house counsel) in connection with the enforcement of this Note or the collection of any sums due hereunder and irrespective of whether suit is filed."). The balance of Loan Documents (*e.g.*, Guaranties, Continuing Guaranties, and Card Agreement) contain similar, express language.

On or about May 1, 2024, Defendants executed and delivered to CNB a forbearance agreement ("Forbearance Agreement"), where, in regard to nonpayment of the Loan balance upon maturity, CNB "agreed to forbear from exercising its rights and remedies under the Loan Documents or pursuant to applicable law until August 27, 2024" ("Forbearance Maturity Date"). Yun Aff. at ¶ 23. Borrower agreed to conditions and terms such as paying off the Loan by the Forbearance Maturity Date as well as an increase of the applicable interest rate on the Note. *Id.*

CNB performed as required and advanced principal amounts to Borrower; such principal amounts total $723,935.76. *Id.* at ¶ 24. Borrower caused Events of Default by (1) "failing to pay off the Note by the Forbearance Maturity Date" and (2) "failing to make payment when due upon demand." *Id.* at ¶ 25. On August 27, 2024, after Borrower failed to make payment, CNB sent a written demand for payment ("Demand Letter") to Defendants in which they (1) advised that Borrower was in default (2) demanded that satisfactory arrangements to pay the amounts owed to CNB be made within 10 days of the date of the letter (3) informed Defendants that Borrower's failure to pay within 10 days may result in an action against them to collect amounts due. *Id.* at ¶ 26. In addition, CNB informed Defendants that it may impose the Default Interest Rate. *Id.* Borrower failed to cure its payment default and remained in default, and Guarantors failed to make payment of the amounts guaranteed by each of them. *Id.* at ¶ 27–8.

On October 7, 2024, CNB sent another written demand for payment. *Id.* at ¶ 29. Borrower again failed to cure its payment default and remained in default, and Guarantors failed to make payment of the amounts guaranteed by each of them. *Id.* at ¶ 30–1. On or about November 6, 2024, counsel for CNB sent Defendants a letter ("Continuing Default Letter") in which they (1) advised that Borrower was in default (2) demanded that Defendants contact counsel for CNB within seven days of receipt of the letter and (3) informed Defendants that counsel was authorized to initiate legal proceedings against them in connection with the payment default. *Id.* at ¶ 32.

The Events of Default persisted, and Defendants have not cured the default. *Id.* at ¶¶ 33–34. As of January 28, 2025, a sum of $774,113.03 (comprised of principal, interest, and fees, and exclusive of attorneys' fees and costs) is due, along with a per diem interest of $276.50 for each day the Note remained unpaid. *Id.* at ¶ 35.

On or about March 10, 2023, CNB issued the Commercial Card to Defendants, and all of Borrower's obligations to CNB in relation to the card were evidenced by a card agreement ("Card Agreement"). *Id.* at ¶¶ 37–38. Borrower agreed to "repay all amounts advanced on the Commercial Account and each of the Accounts whether by use of the Cards, Access Devices . . . plus all Finance Charges, late charges, and other charges and fees imposed on the Commercial Account and all Accounts." NYSCEF Doc. No. 14 at 4. During issuance of the card, the Continuing Guaranties were and remained applicable to any debts incurred by Borrower to CNB in connection with the card. NYSCEF Doc. Nos. 4 at 1; 5 at 1. The Guaranties were and also

650567/2025  CITY NATIONAL BANK vs. RIGHTWAY CLEANING LLC ET AL          Page 3 of 6
    Motion No. 001

3 of 6

remained applicable to any debts incurred by Borrower to CNB in connection with the card. NYSCEF Doc. Nos. 7 at 1; 8 at 1.

CNB performed as required under the Card Agreement and advanced credit amounts to Borrower; such credit amounts total $40,140.13. NYSCEF Doc. No. 10 (Payoff Demand St). However, Borrower defaulted by (1) "failing to adhere to the Card Agreement's payment terms" and (2) "failing to make payment when due upon demand." Yun Aff. at ¶ 45. On July 1, 2024, CNB sent a written demand for payment ("Credit Demand Letter") to Defendants in which they (1) advised that Borrower was in default (2) demanded that satisfactory arrangements to pay the amounts owed to CNB be made within 10 days of the date of the letter and (3) informed Defendants that Borrower's failure to pay within 10 days may result in an action against them to collect amounts due. *Id.* at ¶ 46; see NYSCEF Doc. No. 16 (Credit Demand Letter). Borrower failed to cure its payment default and remain in default, and Guarantors failed to make payment of the amounts guaranteed by each of them. *Id.* at ¶¶ 47–48.

On or about November 6, 2024, counsel for CNB sent Defendants the Continuing Default Letter in which they (1) advised that Borrower was in default (2) demanded that Defendants contact counsel for CNB within seven days of receipt of the letter and (3) informed Defendants that counsel was authorized to initiate legal proceedings against them in connection with the payment default relating to the card. *Id.* at ¶ 49.

The payment default in connection with the card persisted, and Defendants have not cured the default. *Id.* at ¶¶ 50–51. As of January 28, 2025, a sum of $40,140.13 (comprised of balance, finance charges, late charges, and fees, and exclusive of attorneys' fees and costs) is due. *Id.* at 52.

## Legal Discussion

CPLR § 3213 provides an expedited path to resolution when an action is based upon "documentary claims so presumptively meritorious that a formal complaint is superfluous, and even the delay incident upon waiting for an answer and then moving for summary judgment is needless." *Weissman v. Sinorm Deli*, 88 N.Y.2d 437, 443 (1996) (internal quotations omitted). "When an action is based upon an instrument for the payment of money only . . . the plaintiff may serve with the summons a motion for summary judgment and the supporting papers in lieu of a complaint." CPLR § 3213. New York courts have held that revolving notes may be considered as instruments for the payment of money only, enforceable under CPLR § 3213. NYSCEF Doc No. 19 (Pl. Mem of Law) at 6–7 (collecting cases). Similarly, an unconditional guarantee is deemed an instrument for the payment of money as well. *Eur. Am. Bank & Tr. Co. v. Schirripa*, 108 A.D.2d 684, 684 (1985) (citing *Manufacturers Hanover Trust Co. v. Green*, 95 A.D.2d 737, 737 (1983)).

To establish *prima facie* entitlement to summary judgment in lieu of complaint under CPLR § 3213 based on the Loan Documents, Plaintiff must establish that the agreements are instruments for the payment of money only and proof of Defendants' nonpayment. *See 27 W. 72nd St. Note Buyer LLC v. Terzi*, 194 A.D.3d 630, 631 (1st Dept. 2021*); Valencia Sportswear, Inc. v. D.S.G. Enterprises, Inc.*, 237 A.D.2d 171, 171 (1st Dept. 1997) (internal citations omitted).

Here, Plaintiff has satisfied its *prima facie* burden by submitting the underlying Note, Card Agreement, Guaranties, and Continuing Guaranties, each of which M. Dembitzer and Y. Dembitzer executed and evidence an unconditional promise to pay CNB "any and all indebtedness of the Applicant." NYSCEF Doc. Nos. 4, 5, 6, 7, 8, 14; *see DB 232 Seigel Mezz LLC v. Moskovits*, 223 A.D.3d 610, 611 (1st Dept. 2024). Plaintiff also submits the Affidavit of Sean Yun, which sets forth the amounts due pursuant to the Loan Documents, as well as the support and calculations for the interest and fees due in excess of the principal amounts. Yun Aff. at ¶¶ 33–5, 52; *see also* NYSCEF Doc. Nos. 10, 15. The Yun Affidavit further avers that Defendants failed to make payments due and owing to Plaintiff under the Loan Documents, thereby triggering an Event of Default. Yun Aff. at ¶¶ 25–51. Accordingly, Plaintiff has established entitlement to recover under the Loan Documents.

Additionally, Plaintiff has established its right to recover reasonable attorneys' fees and costs in connection with enforcing the obligations under the Loan Agreements. Yun Aff. at ¶ 3, 21. Under New York law, the winning party cannot collect attorneys' fees "unless an award is authorized by agreement between the parties, statute, or court rule." *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491 (1989). Furthermore, within a contract, the contractual language must be sufficiently clear if it provides for an award of attorneys' fees. *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008). Here, the Guaranties, Continuing Guaranties, Revolving Note, and Card Agreement include clear and express attorneys' fees provisions. NYSCEF Doc. Nos. 4–8, 14.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment in Lieu of Complaint against Defendants is GRANTED; and it is further

**ORDERED** that the Clerk is directed to enter judgment in favor of Plaintiff and against Defendants, jointly and severally, (1) in the unpaid aggregate principal amount of $723,953.76 under the Note; plus, outstanding interest and fees of $50,177.27, accrued at the Default Rate from August 27, 2024 to January 28, 2025, for a total amount due and owing on the Note of $774,113.03; plus, aggregate per diem interest, in the amount of $276.50, accruing through the date of the entry of judgment due; and (2) in the total unpaid amount of $39,652.71 owed under the payment terms of the Card Agreement agreed to by Borrower in connection with the Commercial Card; plus, outstanding Finance Charges, late charges and other fees imposed under the terms of the Card Agreement, of $487.42, for a total amount due and owing under the Card Agreement of $40,140.13; plus Finance Charges, late charges and other fees imposed under the terms of the Card Agreement incurred through the date of the entry of judgment due, as calculated by the Clerk of the Court, and upon Plaintiff's e-filing of a Proposed Judgment directed to the County Clerk; and it is further

**ORDERED** Plaintiff is granted judgment against Defendants, jointly and severally, for attorneys' fees and costs; and it is further

**ORDERED** that within fourteen (14) days of the entry of this Decision and Order, Plaintiff's counsel shall file an affirmation(s) to the Court on notice to Defendants, not exceeding five (5) pages, setting forth its claimed costs and attorneys' fees, explaining why such fees are

[* 5]

reasonable, and attaching documentary proof thereof and a proposed order, and Defendants may file a five (5) page letter in opposition within seven (7) days of Plaintiff filing its submission; and it is further

**ORDERED** that if Plaintiff fails to timely file their submission, Plaintiff shall be deemed to have waived its claims for attorneys' fees; and it is further

**ORDERED** that within seven (7) days of entry of this Order, Plaintiff shall serve a copy of this Order with notice of entry on Defendants by overnight mail.

The foregoing constitutes the decision and order of this Court.

20250614115652ARPATEL3D473F096C264D03B2987C872921C5A6

_____          _____
**6/14/2025**                                      **ANAR R. PATEL, A.J.S.C.**
**DATE**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650567/2025  CITY NATIONAL BANK vs. RIGHTWAY CLEANING LLC ET AL**                    **Page 6 of 6**
**Motion No.  001**

6 of 6